IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IAN NELSON and BRANDON WAGNER,
individually on behalf of all others similarly situated,

|  |  |  |
|---|---|---|
| | Plaintiffs, | OPINION and ORDER |
| v. | | |
| | | 25-cv-464-jdp |
| SUB-ZERO, INC., | | |
| | Defendant. | |

---

Plaintiffs Ian Nelson and Brandon Wagner assert that defendant Sub-Zero, Inc. violated the Fair Labor Standards Act (FLSA) by miscalculating their regular rates of pay and their overtime pay, resulting in unpaid wages and overtime. Plaintiffs challenge four allegedly unlawful practices:

> (1) Sub-Zero didn't include sign-on bonuses within its employees' regular rates of pay;
>
> (2) Sub-Zero miscomputed overtime pay during workweeks in which plaintiffs received straight-time pay for 40 hours of work, overtime pay, and incentive pay;
>
> (3) Sub-Zero didn't include cost-of-living-adjustment payments within its employees' regular rates of pay; and
>
> (4) Sub-Zero didn't include within the number of hours worked the hours that maintenance assistants spent training to become maintenance mechanics.

Plaintiffs now move for approval of notice to be sent to their proposed collective, Dkt. 34, and the court will grant the motion. The court will provisionally approve plaintiffs' proposed notice and proposed opt-in form. Plaintiffs will need to make the changes discussed in the opinion and file updated versions for the court's final approval before sending notice to their proposed collective.

ANALYSIS

Section 216(b) of the FLSA authorizes plaintiffs to bring "collective actions" against employers to recover unpaid compensation for themselves and on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). To identify other similarly situated employees, a plaintiff may ask a district court to approve notice of the pending action to the proposed collective. *Cf. Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–74 (1989) (ADEA context).

Plaintiffs' motion raises two issues: (1) whether to approve notice to the proposed collective; and (2) whether to approve the content of the proposed notice.

## A.  Whether to approve notice

To secure notice, a plaintiff must "make a threshold showing that there is a material factual dispute as to whether the proposed collective is similarly situated." *Richards v. Eli Lilly & Co.*, 149 F.4th 901, 913 (7th Cir. 2025).

Sub-Zero opposes plaintiffs' motion, contending that its practices are facially lawful and that plaintiffs' FLSA claims based on its practices fail on the merits. *See* Dkt. 37, at 20–35. The court may consider merits issues where necessary to resolve factual disputes about similarity. *Richards*, 149 F.4th at 914. But Sub-Zero does not deny that it treats all employees subject to the challenged practices the same way, *see* Dkt. 37, at 20–35, so the court will not consider the merits here, *see Reilly v. Century Fence Co.*, No. 18-cv-315-jdp, 2018 WL 6573460, at *8 (W.D. Wis. Dec. 13, 2018). If Sub-Zero believes that plaintiffs cannot prove that the challenged practices violate the FLSA, it may move for summary judgment on those claims. *See Dyer v. Skogen's Foodliner, Inc.*, No. 25-cv-22, 2026 WL 381878, at *7.

Sub-Zero also contends that plaintiffs' proposed collective is overly broad because not all employees within the proposed collective are subject to the challenged practices. *See* Dkt. 37,

at 20–35. This would be problematic because district courts may not authorize notice to employees who are ineligible to join the action. *See Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1048–51 (7th Cir. 2020). But the court solved this issue by ordering the parties to meet and confer to determine which Sub-Zero employees are subject to the challenged practices. The parties have filed a status report detailing the names and addresses of the hourly paid Sub-Zero employees that were subject to each challenged practice, Dkt. 50, so there is no longer a risk of sending notice to ineligible employees. The court will authorize plaintiffs to send notice to the individuals identified in the status report.

## B.  Whether to approve content and methods of notice

The only remaining issue is the content of plaintiffs' proposed notice. Plaintiffs have submitted a proposed notice and a proposed opt-in form to be sent to the members of the proposed collective. Dkt. 34, Ex. 1 and Ex. 2. The court will discuss each in turn.

### 1.  Proposed notice

Sub-Zero objects to the content of the notice, Dkt. 37, at 38–41, but it does not object to plaintiffs' proposed method of delivery. The court will require plaintiffs to make the following changes to the proposed notice.

First, plaintiffs are not consistent with how they describe the proposed collective. For example, they propose sending notice to a collective of "[a]ll hourly non-exempt employees who worked for Sub-Zero on or after [three years before the date the Court authorizes notice]." Dkt. 34, Ex. 1, at 1. They also refer to the proposed collective as individuals who were "employed as an hourly employee by Sub-Zero, and [were] a member of the bargaining unit represented by SheetMetal Workers Local 565." *Id.* The court will authorize plaintiffs' counsel to send notice to the following proposed collective:

> All hourly paid Sub-Zero employees who are, or during the past three years were, members of the Built-In bargaining unit represented by The International Association of Sheet Metal, Air, Rail, and Transportation Workers, Local Union 565 (AFL-CIO) and who: (1) received a sign-on bonus; (2) received straight-time pay for 40 hours of work, overtime pay, and incentive pay during a workweek; (3) received a cost-of-living-adjustment payment; or (4) were maintenance assistants and spent time training to become maintenance mechanics.

Plaintiffs should update the proposed notice accordingly. Any mention of *five* challenged policies must be changed to reflect the *four* challenged policies remaining in this case.

Second, the "Purpose of Notice" section is missing a sentence emphasizing that the court has not taken a position on the merits of plaintiffs' case. The court of appeals has instructed district courts to "respect judicial neutrality and avoid even the appearance of endorsing the action's merits." *Bigger*, 947 F.3d at 1047. Courts should avoid the appearance of "judicial sponsorship of the notice . . . [because] the judicial imprimatur is likely to be misunderstood as a representation that the suit probably has merit." *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982). Plaintiffs should add the following sentence to the proposed notice: "The purpose of this Notice is to inform you of the case and provide an opportunity to participate in it. The Court has not made any decisions about the merits of the case."

Third, the "Description of the Lawsuit" section contains the following sentence: "The Court has found that you may be eligible to join the claims challenging [four] aspects of the methodology that Sub-Zero used to compute its employees' overtime pay if you were affected by them." Dkt. 34, Ex. 1, at 1. That is a misstatement. The court hasn't *found* anything; instead, the court will authorize plaintiffs to send notice to individuals subject to the challenged policies. Plaintiffs should remove the words "The Court has found that" from the sentence.

Fourth, the "Description of the Lawsuit" section risks confusing the jury about the merits of the case. Plaintiffs' description suggests that their allegations are undisputed facts and that their legal theories are blackletter law. Consider the following description of plaintiffs' claim that Sub-Zero miscomputed overtime pay during workweeks in which plaintiffs received straight-time pay for 40 hours of work, overtime pay, and incentive pay:

> Sub-Zero paid incentives to its employees under the names of CAL, CRITP, and SAFNP for the first 40 hours worked only. Sub-Zero can only comply with the FLSA, which requires it to pay employees 1.5 times the regular rate for each overtime hour worked, if it counts a portion of the CAL, CRITP, and SAFNP incentives towards overtime compensation. Plaintiffs argue that because the CAL, CRITP, and SAFNP incentives are only paid for the first 40 hours worked, no portion of the incentives can count towards overtime compensation.

Dkt. 34, Ex. 1, at 1. Plaintiffs should revise this section of their notice to make clear that plaintiffs *allege* that Sub-Zero had the challenged practices, and that plaintiffs *contend* that those practices violate the FLSA. Plaintiffs should also revise the part of this section discussing training to make clear that plaintiffs *allege* that Sub-Zero required the training, and that plaintiffs *contend* that the hours should have been included in the total hours worked.

Fifth, the "Your Right to Participate in this Suit" section contains the following sentence: "If you opt in, the parties and the Court will review your records to determine whether you would have received additional overtime pay, if one or more of Plaintiff's five legal theories for how your overtime pay must be computed is correct." Dkt. 34, Ex. 1, at 2. This sentence is unrelated to an opt-in plaintiff's right to participate, so plaintiffs should remove this sentence from their notice.

Sixth, the "How and When to Join the Suit" section includes a proposed opt-in notice period of 60 days. Dkt. 34, Ex. 1. That is longer than is necessary. Plaintiffs already have a list

of the names and addresses of potential opt-in plaintiffs. All plaintiffs need to do is mail the final versions of the notice and form. The court will approve an opt-in period of 45 days.

Seventh, the "Effect of Joining this Lawsuit" section does not adequately inform the proposed collective that, if they opt in to the lawsuit, they will have all the rights and duties of the parties. The section informs the proposed collective that they might be eligible for any recovery and that they would be bound by any settlement or judgment. Dkt. 34, Ex. 1, at 3. But it does not inform the proposed collective that "each plaintiff who joins the collective enjoys full party status." *Richard*, 149 F.4th at 906. Plaintiffs should update this section accordingly.

Eighth, the "Effect of Joining this Lawsuit" section contains the following sentences: "If you choose not to join this lawsuit, you will not be affected by any judgment or settlement of the Fair Labor Standards Act claims in this case, whether favorable or unfavorable to the class. You will not be entitled to share any amounts recovered by the class." These are misstatements. This notice is being sent to a *collective*, not a *class*. Additionally, the court hasn't certified the collective; the court will authorize notice to a *proposed* collective. Plaintiffs should update these sentences accordingly.

Ninth, the proposed notice contains many typographical errors. Plaintiffs should correct these errors before sending the notice to the proposed collective.

### 2.  Proposed opt-in form

Sub-Zero doesn't object to plaintiffs' opt-in form, Dkt. 34, Ex. 2, but the court will nevertheless require plaintiffs to make the following changes.

First, plaintiffs must modify the title of their proposed opt-in form. As it stands, the title is "Consent to Opt In and Participate as a *Named Plaintiff* in Suit for Violations of Fair

Labor Standards Act." *Id.* (emphasis added). Opt-in plaintiffs will not be named in the case caption. And no violations of the FLSA have been established at this point. Plaintiffs should update the title of the proposed opt-in form (and its body) accordingly.

Second, the proposed opt-in form refers to this case as "Nelson et al v. Sub-Zero." *Id.* Plaintiffs should identify the case as "*Nelson v. Sub-Zero*, No. 25-cv-464-jdp (W.D. Wis.)."

Third, the body of the proposed opt-in form states that this case is "to recover overtime pay and other available damages under federal labor law, specifically the Fair Labor Standards Act." This is a misstatement because it suggests that plaintiffs are already entitled to recover damages and this lawsuit is simply enforcing their right to the money. But plaintiffs are *attempting* to recover damages for *alleged* violations of the FLSA. Plaintiffs should update the sentence accordingly.

Finally, plaintiffs should fix the typographical errors in the form.

CONCLUSION

The court will authorize plaintiffs to send notice to following collective:

> All hourly paid Sub-Zero employees who are, or during the past three years were, members of the Built-In bargaining unit represented by The International Association of Sheet Metal, Air, Rail, and Transportation Workers, Local Union 565 (AFL-CIO) and who: (1) received a sign-on bonus; (2) received straight-time pay for 40 hours of work, overtime pay, and incentive pay during a workweek; (3) received a cost-of-living-adjustment payment; or (4) were maintenance assistants and spent time training to become maintenance mechanics.

The court also will provisionally approve plaintiffs' proposed notice and proposed opt-in form. Plaintiffs may have until July 10, 2026, to make the changes discussed in the opinion and file updated versions for the court to approve. Plaintiffs must also submit Microsoft Word versions

of the notice and opt-in form to the court's judicial assistant. After the court approves the

forms, plaintiffs may mail notice to the proposed collective. The 45-day opt-in notice period

will start on the day of the court's order approving the notice and opt-in form.


ORDER

IT IS ORDERED that:

1. Plaintiffs Ian Nelson and Bradon Wagner's motion to authorize notice to the proposed collective, Dkt. 34, is GRANTED.

2. Plaintiffs' proposed notice, Dkt. 34, Ex. 1, and their proposed opt-in form, Dkt. 34, Ex. 2, are provisionally APPROVED. Plaintiffs may have until July 10, 2026, to make the changes discussed in the opinion and file updated versions for the court to approve. Plaintiffs must also submit Microsoft Word versions of the notice and opt-in form to the court's judicial assistant. After the court approves plaintiffs' notice and opt-in form, plaintiffs may mail notice to the proposed collective. The 45-day opt-in notice period will start on the day of the court's order approving the notice and opt-in form.

Entered July 2, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge